MACKIE v. MACKIE.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—EVIDENCE.

Wife was entitled to decree of separate maintenance on show-
ing made as to husband's conduct and lack of misconduct
on her part that would deny her relief in a court of equity,
and husband failed to show he was entitled to absolute
divorce, the record being such that the Supreme Court would
not have reached a different conclusion had it had the ad-
vantage of seeing and hearing the parties and their wit-
nesses (CL 1948, §§ 552.301, 552.302).

2. SAME — SEPARATE MAINTENANCE — HUSBAND'S PROPERTY NOT
AWARDED WIFE.

Courts do not award the wife title to any of the husband's
property in statutory proceedings for separate maintenance
(CL 1948, §§ 552.301, 552.302).

3. SAME—SEPARATE MAINTENANCE—ALLOWANCE TO WIFE.

Courts should take into consideration the husband's income,
the age and health of both parties and their station in life
and manner of living prior to the separation, in determining
a proper allowance for the wife in statutory proceeding
for separate maintenance (CL 1948, §§ 552.301, 552.302).

4. SAME—SEPARATE MAINTENANCE—ALLOWANCE TO WIFE—INCOME—
HEALTH—OBLIGATIONS.

Award of $375 per month to wife in statutory proceedings for
separate maintenance is reduced to $300 per month, where
children of the parties are both self-supporting, wife has
free house rent, is in normal health and defendant whose
net income is between $9,000 and $10,000 per year has some
obligation to look after welfare and comfort of his mother
(CL 1948, §§ 552.301, 552.302).

REFERENCES FOR POINTS IN HEADNOTES

[2] 17 Am Jur, Divorce and Separation, § 593.
[3, 4] 17 Am Jur, Divorce and Separation, § 596 et seq.
[3, 4] Earning capacity or prospective earnings of husband as
basis of alimony. 6 ALR 192; 139 ALR 207.

5. COSTS—FAILURE OF EITHER PARTY TO FULLY PREVAIL.

 No costs are allowed on appeal and cross appeal from decree of separate maintenance and denial of divorce where neither party has fully prevailed.

Appeal from Jackson; Boardman (Harry D.), J. Submitted January 5, 1951. (Docket No. 56, Calendar No. 44,877.) Decided March 1, 1951.

Bill by Anne Mackie against Donald M. Mackie for decree of separate maintenance. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Plaintiff cross-appeals. Modified and affirmed.

*Phillip C. Kelly,* for plaintiff.

*Dudley & Rogers,* for defendant.

SHARPE, J. Plaintiff filed a petition for separate maintenance under the provisions of CL 1948, §§ 552.301, 552.302 (Stat Ann §§ 25.211, 25.212), in which she alleged that the parties were married in 1922; that as a result of the marriage 2 children were born whose names and ages are, Mary born June 27, 1926, and Katherine born April 11, 1929; that during the first 10 years of their marriage they lived agreeably in the marriage relation, but beginning in 1932 defendant began to exhibit a disregard for plaintiff by absenting himself from the home of plaintiff and defendant for reasons unconnected with his business, social or civic obligations; that about this time he became infatuated with and was carrying on an affair with a woman residing in the city of Jackson who had been a mutual friend of the parties; that such association with the woman became notorious and a public scandal thus bringing shame and humili-

ation to plaintiff; that after 15 years of such association defendant became interested in his private secretary and their association has also become a public scandal; that for approximately 20 years, defendant has been employed by the Commonwealth & Southern Corporation; that his present yearly salary is $10,000 or more; that he has other income from investments of $5,000 or more yearly; and that the parties own their own home in Jackson.

Defendant filed an answer to plaintiff's petition for separate maintenance in which he denied that there was any improper conduct on his part in connection with his friendship with the 2 women. He asserts that his salary is $9,000 per year and that he has other income of approximately $1,800 per year. Defendant also filed a cross bill of complaint in which he seeks a decree for divorce. He alleges that plaintiff has lost all love and affection for him, refused to eat her meals with him, falsely accused him of intimate relations with other women, has adopted an attitude of belittling defendant in his work and civic activities, and treated his relatives with contempt; and that he has recently been transferred to New York where his monthly expense is approximately $300.

The cause came on for trial and after testimony was taken the trial court filed an opinion in which he stated:

"The court is convinced that plaintiff has sustained the burden of proof sufficient to justify her in obtaining a decree of separate maintenance from the defendant, and the court is further satisfied that the defendant has failed to sustain the burden of proof with reference to his cross bill for absolute divorce and, hence, he is entitled to no affirmative relief as prayed for in said cross bill.

"This brings the court to the question of what provision can or should be made for petitioner under the

provisions of the separate-maintenance statute. From the proofs it appears that the parties own as tenants by the entireties a home here in Jackson, which plaintiff is now occupying and where at the present time are either one or both of the daughters. Defendant's occupation continues with the Commonwealth & Southern Corporation, but beginning January 1, 1949, he was transferred from the Jackson office thereof to the New York office of said company, where he has lived off and on since. His last known salary with that company was $9,000 a year, but after his transfer to New York he was allowed an additional sum computed at the rate of $100 a month because of alleged maintenance of 2 residences, 1 in New York and 1 in Jackson. In other words, his actual salary from his company at the time of trial was $10,200. In addition he owns some various stocks of no inconsiderable value but not of great annually as to dividends. He estimated his annual dividends not to exceed $1,000 although he estimated the value of the stocks owned by him at approximately $22,000. The home in Jackson is owned by the entireties by the parties and has a possible value of upwards of $20,000. Plaintiff has one of the family cars, and defendant has a much-more-recent model automobile which, however is still in Jackson in the custody of the so-called 'Miss C.' This would indicate that the annual gross earnings of the defendant are somewhere between 11 and $12,000 annually.

"The youngest daughter is gainfully employed, so that, presumably, under our tax laws defendant is entitled to claim but 2 exemptions, one for himself and one for his wife. His net annual income therefore, based upon such figures may be from $9,000 to $10,000. * * *

"It is the court's considered opinion that a decree of separate maintenance in accordance with the provisions of the statute should be prepared and entered in this cause in favor of the plaintiff and against the defendant, which will permit her to have continued

occupancy of the Jackson home, which is her right as a tenant by the entirety, and that the defendant shall have set apart and allotted from his monthly income and revenue for the support and maintenance of the plaintiff the sum of $375 per month. Plaintiff is to maintain herself and the home, paying all services—heat, light, and water bills—incident to the operation of the home, together with the reasonable maintenance and repair thereof from such sum of money so allotted for her use, support, and maintenance from her husband's earnings. Defendant, in addition to the said monthly payment hereinabove ordered, shall pay the taxes annually assessed against said premises, together with the insurance premiums necessary or requisite to be kept in force on said home for the protection of the respective parties hereto therein. No provision need be made in said decree for either of said children, it appearing that one is past the age of 21; and other soon will be and, in any event, is more or less self-supporting at this time and being considerably past the age of 17."

A decree was entered in accordance with the opinion filed in said cause. Defendant appeals and urges that the trial court was in error in finding that plaintiff was entitled to a decree of separate maintenance. We have carefully examined the record and conclude that there is competent testimony to support the finding of facts of the trial court that plaintiff is entitled to a decree of separate maintenance. We find no misconduct on the part of plaintiff that would deny her relief in a court of equity. We recognize the advantages of the trial judge, who saw and heard the parties and their witnesses, and are convinced that had we been sitting as a trial court we would not have reached a different conclusion.

The trial court awarded plaintiff the sum of $375 per month plus the use of the home with defendant paying taxes and insurance on the jointly-owned

home.   Neither party is satisfied with the maintenance requirement.   The record shows that defendant has a net income of between $9,000 and $10,000 per year.   The allotment is practically an equal division of his income.

In the statutory proceeding for separate maintenance, courts do not award the wife title to any of the husband's property.   In determining a proper allowance for the wife, courts should take into consideration the husband's income, the age and health of both parties, the station in life and manner of living of the parties prior to the separation.   In coming to our decision in this cause we take into consideration that defendant should not be called upon to maintain and support his 2 self-supporting daughters; that plaintiff has free house rent and is apparently in normal health for a woman of her age; and that defendant has some obligation in looking after the welfare and comfort of his mother. In our opinion, considering all the circumstances involved in this case, an allotment of $300 per month should adequately enable plaintiff to live on a standard of living sufficient for her station in life.

The decree, as modified, is affirmed, but without costs as neither party has fully prevailed.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.